## WILLIAM N. PARKER & wife *vs.* ELIAS PARKER & wife.

The parties to an oral agreement for the sale of land went together to an attorney, and had a deed thereof drawn, and the grantor signed it, and the grantee paid part of the consideration, and, after both parties had looked at the deed and expressed themselves satisfied with the form of it, the grantor took it for the purpose of procuring from his wife a release of her dower. *Held*, that there had been no delivery of the deed; that it could not therefore take effect, either as a deed, or as a memorandum in writing of the agreement, within the statute of frauds; and that specific performance of the agreement could not be enforced in equity.

BILL IN EQUITY, alleging that Elias Parker, in consideration of the transfer to him of a certain promissory note, and of other considerations, set forth in the bill, agreed to sell the plaintiffs a lot of land in Pittsfield, and to give a deed thereof to the female plaintiff, with a release of the right of dower of his wife, Mary Parker; that William and Elias went to an attorney, and procured a deed to be drawn in conformity with said agreement,

and William transferred the note to Elias, and Elias took the deed away for the purpose of procuring a release from his wife of her right of dower, and that she agreed to release her right of dower; that the plaintiffs have repeatedly requested the defendants to execute and deliver the deed as they had agreed, or else that Elias would deliver the deed executed by him and make compensation; and that the defendants refused to comply with the plaintiffs' requests. The bill concluded with a prayer for a discovery upon oath, and for general relief.

The answer denied that the female defendant ever agreed to release her right of dower in the land; and alleged that no agreement in relation to said land was made by the parties in writing or signed by the party to be charged, or by any one thereto lawfully authorized, as required by the statute of frauds; and that the plaintiffs had a plain, adequate and complete remedy at law.

At the hearing before *Dewey*, J. by whom the case was reported for the consideration of the full court, the plaintiffs proved their agreement with the defendant Elias Parker, as set forth in the bill; and gave in evidence the deposition of T. G. Gold, an attorney, in which he testified that William and Elias came to his office in Pittsfield, and requested him to make a deed of the land to be conveyed; that a deed was drawn accordingly to the female plaintiff, and signed by Elias, and prepared for his wife to release her dower, and was taken away by him for that purpose; and that both parties looked at the deed previous to its being taken away, and were satisfied with it.

*J. Rockwell*, for the plaintiffs.

*H. W. Taft*, for the defendants.

DEWEY, J. There is nothing shown in the case having the slightest tendency to charge the female defendant, Mary Parker. The contract, such as it was, and the further act of withholding the deed, alleged by the plaintiff, were wholly the acts of Elias Parker. But as regards him, the case disclosed is nothing more than that of an unexecuted oral contract to convey land.

It is however insisted on the part of the plaintiff, that there was a deed duly executed and delivered by Elias Parker, which

this court should require him to surrender to the plaintiffs. This is a matter as to which the parties are at issue, and unless the fact of the execution and delivery of such deed is established, it is useless to consider the further question whether this bill is the proper remedy in the case supposed.

Upon the point of the delivery of the deed, the deposition of Mr. Gold states the facts, that a deed was written by him at the request of the two parties; that it was prepared for Mary Parker, the wife of Elias, to sign, by way of releasing her dower; that after it had been signed by Elias Parker, and both parties had looked at the deed and expressed themselves satisfied with the form of it, the deed was taken by Elias Parker for the purpose of procuring the signature of his wife, Elias Parker having also received the note which was a part of the consideration.

The transaction, as respected the acceptance of the deed by the grantee, or a delivery by the grantor, obviously was not closed. Something yet remained to be done, before the deed was delivered, and accepted by William N. Parker. If it was not so, the deed would have been passed over to William N. Parker at once. But the grantee required the release of dower of Mary Parker. The parties separated without any act having been done equivalent to a delivery of the deed, and nothing further was done to give effect to the instrument as a deed. The instrument was therefore not operative to pass any title, or lay the foundation for a bill in equity to recover possession of the deed.

It was further urged, that if the instrument was not valid as a deed, it might be considered as a memorandum in writing, signed by the party agreeing to convey the real estate therein described, and thus authorize a decree in equity to make a conveyance. But in regard to this, the same difficulty exists. As a memorandum in writing stipulating to convey the land, to make it operative, it must have been executed, and delivered to the plaintiffs, or some one in their behalf. It was held in *Merriam* v. *Leonard,* 6 Cush. 151, that a mortgage deed, duly executed, acknowledged and recorded, but not delivered, was not a suffi

cient acknowledgment to take the debt, purporting to be secured thereby, out of the statute of limitations.

Upon the whole case, the court are of opinion that the instrument was not delivered by the defendants, and did not become the property of the plaintiffs. As to any payment, made to the defendants as a consideration for making such a conveyance of and, the remedy at law is abundantly adequate to recover back the same, the contract not having been performed by the defendants, and the consideration for such payment having therefore failed.                                        *Bill dismissed.*