### LOWTHER v. POTTER et al.

#### (Circuit Court of Appeals, Sixth Circuit.   April 6, 1915.)

#### No. 2554

**1. COURTS ⬥366—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.**

The federal courts are bound by the construction given the Kentucky statute of frauds by the Court of Appeals of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ⬥366.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**2. FRAUDS, STATUTE OF ⬥117—SALE OF LAND—SUFFICIENCY OF MEMORANDUM —UNDELIVERED DEED.**

Under Ky. St. § 470, providing that no action shall be brought to charge any person upon any contract for the sale of real estate, unless the promise, contract, agreement, etc., or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent, where oral negotiations for the purchase of land were had, and in connection therewith deeds were drawn up which were signed by the grantor and retained by him with the understanding that they were not to be delivered until he had consulted a lawyer and found them in form satisfactory to him, and the grantor understood that there was no deal until the deed was delivered, and did not allow the grantee to understand otherwise, there was no enforceable contract of sale, the grantor having subsequently refused to deliver the deeds because of erroneous advice from his attorney, since, while the intention with which the memorandum is signed may not be important, where there has been in fact a completed agreement, so that both parties understand that the negotiations are finished and that the contract is made, where the only memorandum ever made takes the form of a deed in terms of present conveyance, the delivery of which is expressly withheld, so that it may not take effect unless approved by the grantor's attorney, the intent is of the essence of the transaction, and, there being no intent to deliver the deed, there was no completed oral contract.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 261; Dec. Dig. ⬥117.]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by C. F. Lowther against William Potter and another. From a decree for defendants (197 Fed. 196), plaintiff appeals. Affirmed.

S. S. Willis, of Ashland, Ky., for appellant.

E. L. Worthington, of Maysville, Ky., for appellees.

Before WARRINGTON and DENISON, Circuit Judges, and Mc-CALL, District Judge.

DENISON, Circuit Judge. Potter owned lands which Lowther desired to buy. Oral negotiations were had, in connection with which Lowther wrote deeds in due form describing the property. This occurred at Potter's home, remote from any town, and in the presence of no one else except a deputy clerk, who was Lowther's assistant. Potter then signed and acknowledged the deeds and put them in his pocket. Both parties understood that the deeds were not to be delivered until Potter (who could not read) had consulted a lawyer at the county seat and found that the papers were in form satisfactory to him. Upon such consultation, he was advised (erroneously, as we assume) that the deeds would pass some rights that it had not been intended to include. He refused to deliver the deeds; and this suit was brought in the court below to compel the specific performance of the oral agreement supposed to be evidenced by the deed. On final hearing, the bill was dismissed.

[1] The Kentucky statute of frauds, so far as relevant, is given in the margin.[1] Of course, we are bound by the construction which the Kentucky Court of Appeals has given to this statute; and we find it to be decided by that court that the statute pertains only to evidence of the contract, not to its validity (Campbell v. Preece, 133 Ky. 575, 118 S. W. 373); that the purchaser's signature is not necessary (Murray v. Crawford, 138 Ky. 25, 127 S. W. 494, 28 L. R. A. [N. S.] 680); and that, in general, delivery of the memorandum to or for the use of the vendee is not required (Alford v. Wilson, 95 Ky. 506, 26 S. W. 539). There is, however, no Kentucky case holding that a deed signed, but not delivered, satisfies the statute.

[2] The feature which impresses us as determinative of this case is the obvious lack of intention on the part of the grantor to bind himself. It has been said in some of the cases to which reference will be made that the intention with which the memorandum is signed is not important; but such statements must be taken with reference to the cases in which they occur. If there has been, in fact, a completed agreement, so that both parties understand that the negotiations are finished and that the contract is made, the specific intent with which a written memorandum is then or later signed may not be controlling. The contract is in existence; all that is missing is the statutory evidence. Even in the cases in which a letter thereafter written by the vendor denying liability, or a memorandum made and signed by the vendor and put away among his private papers without the vendee's knowledge, has been held sufficient, the element of intent, in a very proper sense of the word, is not wanting. The letter or the memorandum, in connection with other things, sufficiently indicated that each party had intended to enter into a contract complete in all essential details and upon which their minds had met. There is no inherent necessity for the delivery of the ordinary memorandum, as, for example, where it takes the shape of minutes of a meeting. Lamkin v.

---

[1] Section 470, Kentucky Statutes: "No action shall be brought to charge any person * * * (6) upon any contract for the sale of real estate * * * unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent."

Baldwin Co., 72 Conn. 57, 66, 43 Atl. 593, 1042, 44 L. R. A. 786. It seems to be otherwise when the parties are negotiating about what should be put into a deed which they are, at the very time, drafting. Every one of experience, and however illiterate, understands that a deed of land is not effective until delivery. Such understanding may well be thought to be present in the minds of both parties engaged in the drafting; and when the vendor, after a seeming understanding has been reached, signs the deed and retains it in his possession, declaring that he will not deliver it until he has further considered the subject, or until he has consulted a friend as to the advisability of the deal, or until he has consulted a lawyer as to whether the papers are in satisfactory form—in every such case, the reservation of possession is tantamount to a declaration that no final agreement has been reached, but that the arrangement indicated by the deed is tentative and contingent. Whether we say in such a case that the deed is not intended to operate as a sufficient memorandum under this statute, or say that the vendor never intended to enter into and be a party to a completed contract, is probably a mere variation in form of expression. What seems to us clear is that a vendor, who has never made a contract, oral or written, excepting as step by step its terms were embodied in a deed, and who has refused to complete the deed by its final essential step, cannot be held to have obligated himself with the same ultimate force as if he had delivered the deed. This idea finds its concrete application here in Potter's testimony that it was distinctly understood "there was no deal" until the deeds were examined by his lawyer.

As the District Judge points out, the statute contemplates two classes of included instances: Those where the contract itself is in writing, and those where the contract is oral, but is accompanied or followed by a signed note or memorandum. As to the first class, it is clear that delivery of the written contract is essential, not because the statute in terms requires it, but because, until there is delivery, there is no contract.[2] Whatever may be done in the way of formulating and signing the written contract, the parties all contemplate a further step—delivery—before their inchoate mutual assent becomes active and effective, just as, with reference to a contract not required to be in writing, when it once appears that both parties contemplate that it is to be reduced to writing and executed before they are bound, no preliminary agreement is valid. Wald's Pollock on Contracts (3d Am. Ed.) 46; Ridgeway v. Horton, 6 H. L. C. 238. And see Holton v. Job Co. (C. C. A. 6) 204 Fed. 947, 951, 123 C. C. A. 269. By the same analogy, where the grantor understands that there is no "deal" until the deed is delivered and does not allow the grantee to understand otherwise, the undelivered deed cannot be evidence nullifying this understanding. It may be that instances exist where a recital in the deed, independent of the operative words of conveyance and disclosing a previous suffi-

---

[2] We agree with the District Judge that this consideration reveals the true distinction between Newburger v. Adams, 92 Ky. 26, 17 S. W. 162, where it was held that the written contract must be delivered, and Alford v. Wilson, supra, holding that what was treated as a memorandum of an oral contract was sufficient without delivery.

cient **oral** agreement, would satisfy the statute. There are decisions to that effect; but the record does not present that question.

Counsel for appellant confidently insist that the statement found in different cyclopedias and digests, "An undelivered deed made in pursuance of an oral contract for the sale of land will not, by the weight of authority, constitute an adequate memorandum of the contract" (e. g., 20 Cyc. 257), is based upon decisions made in jurisdictions where delivery of the memorandum is required, and which are therefore inapplicable in a state like Kentucky where such delivery is not essential. It must be granted that this criticism is, at least in part, well founded, as pointed out in Jenkins v. Harrison, infra; so it is necessary to look at the cases supposed to establish the contrary rule which should prevail in Kentucky. Thayer v. Luce, 22 Ohio St. 62, holds that a deed not delivered, and so not operative as a deed, may nevertheless sometimes be considered in connection with an existing memorandum of an oral contract for the purpose of supplying deficiencies in the memorandum; but the inapplicability of the decision to such a deed as is now involved is apparent from the third clause of the syllabus (which, in Ohio, is the only thing decided) which reads:

"An instrument of writing in the usual form of a deed of conveyance, but not delivered as such, may nevertheless be delivered as an executory contract, or as partial evidence of a contract to sell and convey the lands therein described; and if signed and so delivered by the vendor, and accepted by the vendee, it is sufficient, in an action thereon, against vendor, to take the case out of the operation of the statute of frauds."

Jenkins v. Harrison, 66 Ala. 345, was very much such a case as Thayer v. Luce. The parties had orally agreed to exchange lands and had executed a memorandum of the agreement signed by both. A few days later, both signed deeds in due form, to carry out the previous agreement; but these deeds were withheld from mutual delivery only until a merchandise inventory should be finished in completion of the agreed computation. One of the parties then died, and the court held that these deeds could be referred to for the purpose of supplying an uncertainty in the existing signed memorandum. It is clear that both parties considered the contract as closed between them, and that the deeds were not withheld from delivery with the intent that the contract should not take effect. Whatever is said by the court in discussing the office of an undelivered deed in satisfying the statute of frauds was said with reference to this situation. To the same substantial effect as the Ohio and the Alabama cases is Ryan v. U. S., 136 U. S. 68, 10 Sup. Ct. 913, 34 L. Ed. 447.

In Work v. Cowhick, 81 Ill. 317, the action was against the purchaser who had signed a purchase-money note, and the deed had, in fact, been delivered for the use of the vendee and was beyond the control of the vendor. The other cases relied upon by appellant are equally insufficient to establish the alleged rule broadly enough to cover the facts of the present case. On the other hand, more or less support to the position that this deed was insufficient as either contract or memorandum is furnished by Day v. Lacasse, 85 Me. 242, 27 Atl. 124; Parker v. Parker, 67 Mass. (1 Gray) 409; Wilson v. Winters, 108 Tenn. 398, 67 S. W. 800; Kopp v. Reiter, 146 Ill. 437, 34 N.

E. 942, 22 L. R. A. 273, 37 Am. St. Rep. 156; Freeland v. Charnley, 80 Ind. 132; Nichols v. Oppermann, 6 Wash. 618, 34 Pac. 162.

Proof of an exception does not disprove the rule. It is not inconsistent with a Kentucky rule that the "memorandum" need not always be delivered to hold that when the only memorandum ever made takes the form of a deed solely in terms of present conveyance, and the delivery of which is expressly withheld so that the deed may not take effect unless it should be approved by the grantor's attorney, we have an exception to the rule. This results from observing the necessary consequences of the grantor's intent. There is a substantial distinction between the "memorandum or note thereof" of the statute, and the formal deed in this: That in Kentucky the first is not dependent on delivery, but the second is; that the intent of the vendor is, in the first instance, to be deduced from the contract recited in the "memorandum or note thereof," while, in the other, the intent of the vendor respecting the preparation and execution of the deed may be proved orally, precisely the same as respects the delivery of a chattel or any other article of personalty. Intent, in such cases, is of the essence of the transaction. So it is that Potter's intent not to deliver this deed under the situation here proved is the very foundation of the conclusion reached that there was no completed oral contract.

The decree below is affirmed, with costs.