(No. 11006.)

THIRZA MAIN, Appellee, vs. WALTER M. PRATT, Appellant.

*Opinion filed December 21, 1916.*

1. DEEDS—*whether control of deed deposited with third person under parol contract is lost depends on the validity of the contract.* Where a deed and a note for part of the purchase price are deposited with a third person in pursuance of a parol contract of sale, the question whether or not the parties to the contract lost control over the respective instruments deposited depends upon the validity or enforceability of the contract as well as upon the intention of the parties.

2. SAME—*when parol contract of sale may be revoked by heir of vendor and the deposited deed be recalled.* Where a deed and a note for the first payment on the purchase price are deposited with a third person in pursuance of a parol contract of sale whereby the purchaser is to be delivered the deed when he pays the note deposited and gives another, with interest, for the balance, the contract is unenforceable under the Statute of Frauds, and if the vendor dies before performance by the purchaser her heir may revoke the contract and recall the deed.

3. SAME—*definition of an escrow.* An escrow is any written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered over to the grantee, promisee or obligee.

4. SAME—*what necessary in order that an instrument may operate as an escrow.* In order that an instrument may operate as an escrow when delivered to one not a party to the instrument, to be delivered over, in turn, to a party to the instrument upon the performance of certain conditions, there must be a valid contract between the parties as to the subject matter of the instrument and the delivery, otherwise the party making the delivery may recall the instrument.

5. SAME—*undelivered deed is not a sufficient memorandum of contract of sale to satisfy the Statute of Frauds.* An undelivered deed is not, standing alone, a sufficient memorandum in writing of a parol contract for the sale of land to answer the requirements of the Statute of Frauds.

6. SAME—*what is sufficient to revoke authority of depositary to deliver a deed to purchaser.* Where a deed is delivered to a third party in pursuance of an unenforceable parol contract and the

grantor dies before performance by the purchaser of his part of the contract, notice by the heir of the grantor to the depositary not to deliver the deed but to return it to her is a sufficient election not to perform the contract, revokes the authority of the depositary to deliver the deed and renders the deed ineffective to convey title if delivered in violation of the notice.

7. SAME—*rule as to when title vests in grantee upon delivery in escrow.* Where a deed is delivered to a third person with instructions to deliver it to the grantee named therein upon the happening of an event which is certain to occur, such as the death of the grantor, the title vests in the grantee upon the delivery in escrow and is not derived through any contract other than the deed itself.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

McDOUGALL & CHAPMAN, for appellant.

GEORGE P. HILLS, and STEAD, WOODWARD & HIBBS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by Walter M. Pratt from a decree of the circuit court of LaSalle county granting the relief prayed in a bill in chancery filed against him and others in that court by Thirza Main in her individual capacity as sole heir of both her father and mother and as administratrix of her mother's estate. The bill prayed that the title to eighty acres of land be quieted in complainant, that defendants to the bill be decreed to have no interest in the premises, and that certain instruments of record be set aside as clouds upon complainant's title.

The facts out of which the litigation arose, as alleged in substance in the bill, answer and cross-bill, are, that James W. Finn, the father of complainant, Thirza Main, in his lifetime owned the eighty acres of land described in the bill. He died testate September 16, 1909, leaving surviving him his widow, Samantha, and his daughter, the complainant, as

his only heir-at-law. By his will Finn devised the eighty acres of land to his widow. The will was not for some reason presented for probate until April 10, 1910. About the first of October, 1909, Walter M. Pratt applied to Mrs. Finn to purchase from her the eighty acres of land. There was a verbal agreement made between the parties at that time for the sale of the land by Mrs. Finn to Pratt for $10,500, $2500 to be paid March 1, 1910, and a mortgage on the premises to be then given for $8000, due in five years, at five per cent interest, possession of the premises not to be given Pratt until March 1, 1910, when the $2500 cash payment was to be made. The will not then having been probated, Pratt desired that the daughter, Thirza, and her husband, should unite with Mrs. Finn in the deed. Charles Hoss prepared a short-form warranty deed dated October 6, 1909, which was signed and acknowledged on that day by Mrs. Finn. It was then sent to a bank in Aurora, where complainant and her husband lived, with instructions to secure the signatures and acknowledgment of complainant and her husband and return the deed to Hoss. Complainant refused to sign it, and some three months later the deed was returned to Hoss, who retained it. This was accepted by the parties as a failure of the negotiations for the sale and purchase of the land. About March 1, 1910, Pratt renewed his negotiations with Mrs. Finn for the purchase of the land and agreed to buy it at the price before agreed upon if Mrs. Finn would probate the will of her husband so that he would be safe in buying from her. It was further agreed between Pratt and Mrs. Finn that she was to sell him the land for $10,500 and give possession on March 1, 1911. Pratt was to give a note for $2500 due in one year, without interest, but agreed to pay it as soon as the estate was closed, whether the note was due by its terms or not. The deed was to be left in the hands of Hoss, also the $2500 note, and it was agreed between the parties that when Pratt paid this note and executed another note for $8000, due in five years, with

interest at five per cent, secured by a mortgage on the premises, the deed was to be delivered to him by Hoss. No new deed was executed by Mrs. Finn, but the deed prepared under the first agreement and executed by her October 6, 1909, was retained by Hoss, to be delivered when Pratt had complied with his agreement. All these agreements and negotiations were in parol and no writing or memorandum thereof was made. The will of Finn was admitted to probate April 14, 1910. Mrs. Finn died intestate July 3, 1910, and complainant was appointed administratrix of her estate. July 26, 1910, Pratt filed in the recorder's office of LaSalle county a notice to B. F. Golden, the tenant in possession of the land, and to all others whom it might concern, that he (Pratt) was the legal owner of the land and that the deed from Mrs. Finn was held by Hoss for delivery to him. On September 2, 1910, complainant, as sole heir of her father and sole heir of her mother and as administratrix of her mother's estate, served notice and demand on Hoss to surrender the deed to her but he refused to do so. Hoss went to California in September, 1910, and did not return until July, 1911. On July 11, 1911, Pratt paid Hoss the $2500 note and executed and delivered to him a note payable to complainant for $8000, secured by a mortgage on the premises, whereupon Hoss delivered the deed to Pratt and he filed it for record. Complainant refused to accept the money and mortgage, remained in possession of the land and filed the bill in this case.

Among the grounds upon which complainant predicates her claim for relief, as alleged in the bill, are the following: That the contract between Samantha Finn and Pratt was within the Statute of Frauds and unenforceable; that the delivery of the deed to Hoss was not a true delivery in escrow because the agreement under which the delivery of the deed to him was made was a parol agreement not enforceable under the Statute of Frauds and voidable by either of the parties at their option, and that neither Samantha Finn

nor those who succeeded to her interests upon her death could be deprived of the control over the deed, and, in substance and effect, that no rights under and by virtue of the agreement could be claimed or enforced by Pratt.

Pratt, in addition to answering the original bill, filed a cross-bill setting up the agreement between him and Mrs. Finn for the purchase of the land, the delivery of the deed to Hoss for delivery to him when he complied with the terms of the agreement, and alleging he had performed the conditions he agreed to perform, upon which the deed was delivered to him by the depositary, and claiming he was seized in fee simple of the land, subject to the mortgage to complainant. The cross-bill prayed that the title in him be quieted and that complainant in the original bill account to him for the rents of the premises.

After the issues were made up the cause was referred to the master in chancery to take proofs and report his conclusions of law and fact. The master reported recommending a decree dismissing the original bill for want of equity and granting the relief prayed in the cross-bill. Objections filed by complainant in the original bill with the master were overruled by him and renewed as exceptions before the chancellor, who sustained the exceptions and entered a decree as prayed in the original bill and dismissed the cross-bill for want of equity. The decree finds that the delivery of the deed by Samantha Finn to Hoss under the arrangement of May 16, 1910, was not a delivery in escrow because the foundation of the delivery was an agreement between Pratt and Mrs. Finn resting in parol, that it was unenforceable under the Statute of Frauds, and that neither Mrs. Finn nor those succeeding to her rights and interests upon her death could be deprived of full control over the deed. The decree finds that after the demand by the original complainant upon Hoss for the deed it became and was lifeless and of no effect, and the delivery by Hoss to Pratt July 11, 1911, was not a delivery in law or equity, did not effect a con-

veyance of the real estate to Pratt, and that he took no title or color of title to the land thereby.

Appellant says in his brief that practically but one question is involved, and that is whether by the delivery of the deed by Mrs. Finn to Hoss for Pratt she lost all control over it, and by the delivery of the $2500 note by Pratt to Hoss he lost all control over the note. It is argued that the evidence sustains the claim that when the deed was delivered by Mrs. Finn to the depositary she retained no control over it, and that when Pratt delivered his note to the same depositary he retained no control over the note. There was no proof that there was any express agreement that either of the parties retained the right to withdraw the deed or note, and it is claimed by appellant that under such circumstances the delivery was absolute and irrevocable, and upon the payment of the $2500 note and execution and delivery to the depositary of the $8000 note and mortgage appellant became entitled to the land and to the delivery of the deed. Stated in different language, appellant contends the evidence shows that when Mrs. Finn delivered the deed to Hoss she did it with the intention of divesting herself of all control over it; that this was a delivery in escrow, and appellant was entitled to the deed when he paid Hoss the $2500 note and delivered to him the note and mortgage for the deferred payment, and that the performance of the contract was enforceable. Appellant's argument assumes that although the contract pursuant to which the deed was delivered was in parol, the Statute of Frauds does not apply. Appellee's argument is devoted entirely to the proposition that the contract pursuant to which the delivery of the deed to Hoss was made, being in parol, was not enforceable by either party; that Mrs. Finn could have recalled the deed at any time during her life, before the terms of the agreement were complied with, and that as she died before that time her death was sufficient to revoke whatever authority Hoss had to deliver the deed, and that when complainant, after her

mother's death, notified Hoss not to deliver the deed to Pratt, he had no right to deliver it and the delivery made by him vested no title or interest in the grantee.

The delivery of the deed by Mrs. Finn and of the note by Pratt to Hoss was in pursuance of and a part of a parol contract between the parties for the sale by the grantor to the grantee of land. Whether or not they lost control over the respective instruments deposited with Hoss depends upon the validity or enforceability of the contract and not solely upon the intention of the parties, as contended by appellant. The parol contract for the sale of·the land clearly came within the operation of the Statute of Frauds and was unenforceable. Neither party could have compelled the other to carry out its provisions or terms during the lifetime of Mrs. Finn, and it follows, such being the case, either party could have repudiated the contract at will before the conditions upon which it was to be delivered to the grantee had been performed. This being so, the contract, whether revoked by the death of Mrs. Finn or not, was no more binding upon and enforceable against her sole heir than it was against Mrs. Finn in her lifetime.

An escrow has been defined to be a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered over to the grantee, promisee or obligee. The term "escrow," though usually applied to deeds, is equally applicable to all written instruments. The authorities lay down the general rule, however, that in order that an instrument may operate as an escrow when delivered to one not a party to the instrument, to be delivered over, in turn, to a party to the instrument upon the performance of certain conditions, there must be a valid contract between the parties as to the subject matter of the instrument and the delivery, and that in the absence of such

a contract the party making the delivery may recall the instrument. (10 R. C. L. 622.) Here the contract for the sale of the land between Mrs. Finn and Pratt, pursuant to which the deed was executed and deposited with Hoss, being in parol, was unenforceable, there being no writing or memorandum of the agreement answering the requirements of the Statute of Frauds in this State. Appellant treats the warranty deed deposited by Mrs. Finn with Hoss, the depositary, as answering such requirement. This is contrary to the weight of authority and to the decisions of this court. The weight of authority holds an undelivered deed is not a sufficient memorandum in writing of the contract to answer the requirements of the Statute of Frauds. Other authorities hold an undelivered deed will satisfy the requirements of the Statute of Frauds where such deed embodies the substance of the parol contract, giving the parties, consideration, description and terms of sale, and a few authorities hold an undelivered deed itself is a sufficient memorandum in writing. (29 Am. & Eng. Ency. of Law,—2d ed.—855; 10 R. C. L. 629; *Moore, Keppel & Co.* v. *Ward*, 43 L. R. A. (N. S.) 390, where an elaborate note will be found.) Here the deed delivered in escrow, while it contained the names of the parties, recited the consideration and described the property involved, did not state the terms of sale. This rested in parol.

In *Campbell* v. *Thomas,* 42 Wis. 427, (24 Am. Rep. 433,) which was a bill filed to enforce the specific performance of a parol contract to sell land, the defendant made an oral agreement to sell land to plaintiff for a stipulated price, part of which was to be paid in money and the remainder to be secured by notes and a mortgage. The plaintiff thereupon paid a small part of the purchase money, and the defendant executed a deed wherein was specified the consideration for the sale but not the terms of payment and gave it to a third party, with instructions to deliver it to the plaintiff upon his depositing the money and the notes and mort-

gage within a given time. The money, notes and mortgage were duly deposited with the third party and the deed demanded, but the depositary, under instructions from defendant, refused to deliver it. In an action against the defendant and the depositary to compel a delivery of the deed the court held that the deed was not a sufficient note or memorandum, under the Statute of Frauds, of the contract, and that the contract was invalid, that the deed was not an escrow and that the action could not be maintained. Another opinion was delivered in the case on a rehearing. In that opinion the court said the controlling question was whether it was essential to the plaintiff's right of action that there was a valid executory contract between the parties for the purchase and sale of the land described in the deed in the custody of the depositary. The court quoted from the brief of counsel for plaintiff on the rehearing the contention that "it is not true that a person must be under a previous binding executory contract to convey the lands described in the deed to the grantee in order to place a deed thereof, delivered to a third person on condition for the grantee, beyond the control of the grantor." The court's answer to the contention is so pertinent that we take the liberty of quoting rather extensively from it:

"Undoubtedly there is a class of cases in which this proposition is true. These are the cases where the deed has been delivered by the grantor to a third person with instructions to deliver the same to the grantee on the happening of a future certain event, as the death of the grantor or some other person, and such conditional delivery is assented to by the grantee. In such a case, if the grantor reserves no control over the deed he cannot after such delivery recall it, but the grantee is entitled to it upon the happening of the event although there is no valid executory contract to support it. The reason of this is, that the first delivery of the deed passes to the grantee the title to the land and thus relieves him of the obligation to make title through any con-

tract other than that expressed in the deed itself. But by all the authorities a deed so deposited with a third person, to be delivered to the grantee on the happening of some event in the future which may or may not happen, does not pass title to the land described in it to the grantee until such event occurs, and then only from that time or perhaps from the actual delivery of the deed to the grantee after the event has occurred. There may be exceptional cases, as where a man delivers his deed in escrow and dies before the conditions of the deposit are fulfilled. In such cases it has been said that from necessity, after the conditions are fulfilled, the deed must take effect by relation as of the time of the first delivery. This, however, is not one of the exceptional cases, and it must be conceded, we think, that the deposit of the deed with Judge Hand by the defendant, with the assent of the plaintiff, did not transfer title to the plaintiff. Because such deposit did not divest the plaintiff of his title to the land there is no executed contract of sale, and hence it seems almost too plain to be questioned or doubted, that before the plaintiff can obtain the delivery of the deed and the title to the land, after the defendant has recalled the deed and repudiated the whole transaction, he must show that the defendant has made a valid and binding agreement to sell and convey the land; and such an agreement can be evidenced only by a written note or memorandum thereof expressing the consideration and subscribed by the defendant. In many of the cases cited there was no valid executory contract for the sale of the land, but the grantor permitted the deed to be delivered by the depositary to the grantee upon performance of the parol conditions of the deposit. Undoubtedly the final delivery to the grantee in such cases operated to pass the title, as it would in the present case had the defendant seen fit to allow his void parol agreement to be thus consummated. In other cases cited there was a compliance with the Statute of Frauds. *Everts* v. *Agnes,* 4 Wis. 343, is one of them. But we have not dis-

covered a single case in which it has been held that one who has deposited a deed of land with a third person with directions to deliver it to the grantee on the happening of a given event, but who has made no valid executory contract to convey the land, may not revoke the directions to the depositary and recall the deed at any time before the conditions of the deposit have been complied with, provided those conditions are such that the title does not pass at once to the grantee upon delivery of the deed to the depositary."

The Wisconsin case was cited and quoted from with approval in *Kopp* v. *Reiter,* 146 Ill. 437. In that case Mrs. Reiter was the owner of real estate. Her husband, without authority from her to do so, entered into a written agreement with Kopp to sell him the land for $5000. Kopp agreed to pay $250 down as earnest money and $2750 within five days after the title was examined and found good and a warranty deed executed ready for delivery. For the remaining $2000 he was to give his note, payable in one year, secured by trust deed on the property. Mrs. Reiter and her husband executed a warranty deed, which the husband retained. Mrs. Reiter decided not to sell the land, recalled the deed and it was destroyed. Kopp tendered performance of the agreement and Mrs. Reiter refused to execute the deed. Kopp thereupon recorded a copy of the contract and also the trust deed he had executed. Mrs. Reiter then filed a bill to remove the contract and trust deed as clouds upon her title. Kopp answered the bill and filed a cross-bill praying specific performance of the contract. Mrs. Reiter relied upon the Statute of Frauds. The circuit court upon the hearing entered a decree granting the relief prayed in the original bill and dismissing the cross-bill, which decree was affirmed by this court. The only writing signed by Mrs. Reiter was the warranty deed, and this court said the deed could not be regarded as such a memorandum or note of a contract for the sale of the land as would take the case out of the Statute of Frauds. In the opinion the court cites a

number of cases from other jurisdictions, and after holding that Mrs. Reiter could not be bound by the contract of her husband, who had no written authority to make it, said: "Where, as is the case here, the owner of land, without making a valid executory contract to convey it, deposits a deed of it with a third person to be delivered to the grantee upon certain terms, he may cancel the instructions given to such third person and recall the deed at any time before the specified terms have been complied with; nor can such deed, invalid as a conveyance for want of delivery, be considered as a memorandum in writing signed by the owner agreeing to convey the land therein described, so as to authorize a decree of specific performance. A deed which has not been delivered is not, by its own force and aside from any contract to which it may be related, a sufficient writing to meet the requirements of the Statute of Frauds."

We deem it unnecessary to extend this opinion by the citation of further authority. A number of cases are referred to in the opinions delivered in the cases we have above cited. It is clear from the authorities that the contract was one that could not have been enforced against Mrs. Finn, and she might have recalled the deed at any time before appellant performed the agreement on his part and the deed was delivered to him. If she was not bound to perform the agreement it would seem to necessarily follow that complainant was not bound to perform it. Before appellant had performed any part of the agreement on his part complainant notified Hoss not to deliver the deed to appellant and demanded it be delivered to her. She thereby elected not to perform the contract and the depositary was not authorized to deliver the deed to the grantee named therein. The title did not vest in appellant, and could not have vested in him if the contract had been in writing, until he had performed the conditions agreed to on his part. Before he had done so the authority of the depositary to deliver him the deed was revoked and the deed thereby rendered ineffective

to convey title. Cases where a deed has been delivered to a third person with instructions to deliver it to the grantee named therein upon the happening of an event which is certain to happen, such as at the death of the grantor, are not in point. In those cases it has been held the title vests in the grantee upon the delivery in escrow and is not derived through any contract other than the deed itself.

We are of opinion the decree of the circuit court is correct, and it is affirmed.

*Decree affirmed.*