SIMPSON v. GREEN et al. (No. 9038.)

(Court of Civil Appeals of Texas. Ft. Worth. March 15, 1919. Rehearing Denied April 12, 1919.)

1. FRAUDS, STATUTE OF ⊂⇒117—LAND SALE CONTRACT — INSUFFICIENCY OF DEED DEPOSITED IN ESCROW.

A deed deposited in escrow, reciting full payment of consideration for the sale of land, *held* not such a memorandum of an oral agreement for the transfer of the land, in consideration of an automobile, cash paid, and deferred payments, as to satisfy the statute of frauds. Vernon's Sayles' Ann. Civ. St. 1914, art. 3965.

2. VENDOR AND PURCHASER ⊂⇒105(1)—CONTRACT—INVALIDITY—STATUTE OF FRAUDS—RESCISSION.

Where a contract for sale of land was not enforceable by reason of the statute of frauds, it was terminated and annulled when vendor elected to rescind it and notified purchaser of such rescission, and purchaser's subsequent offer of payment for the land could not revive it.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit by William Simpson against Jesse Green and others. Judgment for defendants and plaintiff appeals. Judgment affirmed.

McMurray & Gettys, of Decatur, and H. E. Lobdell, of Bridgeport, for appellant.

R. E. Carswell, of Decatur, for appellees.

DUNKLIN, J. William Simpson instituted this suit to recover title to 175 acres of land situated in Denton county. The suit was in the form of trespass to try title, and in addition to the usual allegations for a recovery upon that issue plaintiff also alleged that defendant Jesse Green sold to him the land in controversy for a consideration of $4,500, of which amount $50 and an automobile of the agreed value of $300 was paid at the time said agreement to trade was made, and the balance was to be paid in cash when an abstract of title was furnished to plaintiff showing a good title in Green. It was further alleged that within a short time after the terms of trade were agreed on, Green executed a deed to the property, purporting to convey the land to plaintiff for a cash consideration of $4,500, which he placed in the hands of Frank Turner, who was also made a defendant in plaintiff's petition, to be held by said Turner in escrow until plaintiff should approve the title and should pay the balance of the purchase price according to his contract. It was further alleged that thereafter plaintiff offered to pay the entire balance of the consideration for said sale, and also offered to waive performance by Green of his obligation to furnish an abstract of title; the plaintiff being willing to accept the title without such an abstract. It was further alleged that, notwithstanding such tender of performance by plaintiff, Turner refused to deliver the deed, on account of the fact that Green was unwilling for him to do so. Plaintiff prayed for a decree vesting title in him to the land, and also for a judgment awarding him the possession of the deed held by Turner.

Defendant Green answered by general denial, and also by plea that the contract of sale between him and plaintiff was oral, and therefore unenforceable, because it was in violation of the statute of frauds. He further alleged that at the time of the execution and delivery of the deed to Turner, to be held by him in escrow, he was a mere boy, having just passed the age of majority, without either business experience or education, and without due appreciation of the value of the property, which he had acquired in part by inheritance and in part by his labor, and which was all the property he possessed; that plaintiff was a shrewd business man and a trader of long experience, thoroughly familiar with the value of such property, and therefore held a decided advantage over him in the negotiations for said sale. He further alleged that the land was then worth $6,000, and had a growing crop upon it in which he had a rental interest of the value of $1,500; that the consideration for which he agreed to convey the land was grossly inadequate; that he was induced to make the trade with plaintiff by repeated and persistent importunities and assurances from plaintiff that the consideration offered was in excess of the value of the land; that at the time the original agreement to sell the land to plaintiff was made, which was oral, he received from plaintiff, as a part of the consideration for the sale, the sum of $50; that later but before the deed was executed and delivered to Turner, he offered to plaintiff to rescind the contract of sale and to return the $50, and after delivery of said deed and receipt of the automobile, and before plaintiff offered to pay over to Turner the balance of the purchase price of $4,150, defendant became convinced of the inadequacy of the consideration for said sale, and, desiring to rescind the contract, so notified the plaintiff, and offered to return the $50 and the automobile, which offer was refused.

Defendant further alleged that when the deed was executed and delivered to Turner, plaintiff assured him that he could not legally withdraw from his prior contract of sale, that he was legally bound to consummate the trade in accordance with its terms, and that, being ignorant of his rights in the premises, he was thereby induced to believe that he was so bound, and to thereafter ex-

ecute and deliver the deed to Turner in escrow. He further alleged that said assurances by the plaintiff were false and fraudulently made, and were well known to him to be so; that plaintiff then knew that the defendant was ignorant of the law, and was relying upon his assurances in that respect, and fraudulently took advantage of his ignorance and of his belief, so induced by the plaintiff, in order to acquire the land for a consideration which was wholly inadequate and unconscionable.

Defendant Turner filed an answer in which he disclaimed any interest in the land or in the controversy between plaintiff and defendant Green, further alleging that he held the deed alleged in plaintiff's petition as a mere stakeholder, which he tendered into court with an offer to deliver to whomsoever the court might decree to be entitled thereto.

From a judgment denying plaintiff a recovery, he has prosecuted this appeal.

The trial was before the court without a jury, and the trial judge filed findings of fact and conclusions of law which are as follows:

### "Findings of Fact.

"1. On the ―― day of August, 1917, the plaintiff and the defendant Jesse Green entered into a verbal contract whereby the said Green was to sell and convey to plaintiff the 175 acres of land situated in Denton county and described in plaintiff's petition, in consideration of $50 then paid said Green and an automobile then or a few days thereafter delivered to him by plaintiff and $4,150 to be paid when Green furnished plaintiff an abstract showing good title in Green. There was a lien against said land amounting to $1,900 which Green was to discharge out of the money to be paid him by plaintiff.

"2. Within a short time after this trade was made, and after the $50 cash had been paid to Green, he became dissatisfied with the trade, and went to plaintiff and offered to rue the trade, and had tendered to plaintiff the $50 cash, which plaintiff refused, telling and representing to Green that the trade was binding, and that he could enforce it in the courts, and that he was going to hold him to it, and would do so, and that he was going to have the land. Green was ignorant of the law, and did not know that his contract was not enforceable, but plaintiff, by the representations stated, induced Green to believe their contract was binding, and thereby induced him to go further with the trade.

"3. After Green was made to believe that he could be held to said contract as aforesaid, he executed his general warranty deed, reciting the consideration to be $4,500 cash paid, conveying the land in controversy to plaintiff, and containing the usual clauses and covenants. Said deed was placed in the hands of the defendant Frank Turner, who was to hold the same until Green furnished abstract of title and plaintiff had paid balance of the purchase money, when it was to be delivered to plaintiff. At the same time said deed was made and put up with Turner, plaintiff delivered to defendant Green the automobile in question, and also deposited with Turner (or his bank) $2,000, to be paid Green upon delivery of said deed to plaintiff, and was to pay the balance when the abstract was furnished and the deed delivered to plaintiff.

"4. A short time after the deed was made and deposited with Turner as aforesaid, the defendant Green being still dissatisfied with his trade, and having been advised that he could still withdraw from same, went to plaintiff and offered to return to plaintiff the automobile, and offered and tendered to plaintiff the $50 cash, and the plaintiff refused to receive the same. Green left the automobile at plaintiff's house, and deposited the $50 in defendant Turner's bank in the name of plaintiff, subject to plaintiff's order, and offered to pay plaintiff for the use of the auto and damages to same, and also demanded of Turner the return of his deed, which demand Turner refused. The plaintiff did not accept said automobile, but placed same in a place of safety, where the same has since been kept. Soon after defendant thus sought to rescind their contract and tried to procure the return of his deed, the plaintiff concluded to waive, and did waive, the furnishing of an abstract by Green, and tendered to Turner the balance of the purchase money, viz. $4,150, and demanded delivery of the deed to him, which Turner refused to do.

"5. The property to be conveyed to plaintiff under the verbal contract was worth, at the time of the trade, at least $6,000, and plaintiff knew its real value, Green, by reason of his youth and inexperience, did not know that said property was worth more than he was to receive for the same.

### "Conclusions of Law.

"1. I conclude as matter of law: (a) That the contract between plaintiff and defendant Green, being verbal, was unenforceable; (b) that the deed executed and delivered to defendant Turner was not sufficient to take said transaction out of the statute of frauds; and that, therefore, (c) the defendant Green had the right to refuse to complete said contract, and the right to withdraw from the same and to have the deed returned to him.

"2. I conclude, further, that the defendant, having been induced to execute and put up his deed under circumstances which renders that transaction voidable in law, upon the discovery of his legal rights in the premises, had the right to rescind the contract and have his deed returned to him.

"3. I conclude that it would be inequitable to enforce the contract against defendant Green, and, the law not requiring it, specific enforcement thereof should not be decreed."

[1] The first assignment of error we shall notice is the one in which appellant attacks the conclusion reached by the trial judge that the execution and delivery of the deed to Turner, and by him held in escrow, was not sufficient to satisfy the statute of frauds, which is article 3965, Vernon's Sayles' Tex. Civ. Stats., and which reads as follows:

"No action shall be brought in any of the courts in any of the following cases, unless the

promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * * Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

The question whether or not a deed deposited in escrow, reciting full payment of the consideration as did the deed from Green to plaintiff, and containing no recital of any prior contract of sale, is a compliance with the provisions of that statute has never been passed on in this state so far as we have been able to ascertain.

It cannot be doubted that the statute applies to executory contracts which are sought to be enforced, and requires such a contract or some memorandum thereof to be in writing in order to be enforceable by suit. It cannot be said that the deed delivered to Turner, reciting full payment of the consideration, was in itself in any sense an executory contract to convey the property, since it was of itself a conveyance, nor can it be said that it was in itself a memorandum of the parol agreement theretofore made to sell the property to Simpson, since it recited the present payment in cash of the entire consideration. It imports an offer by Green to sell the land for $4,500 in cash, payable in a lump sum upon delivery of the deed, and an acceptance of the offer by Simpson, but it does not import that prior to its execution the parties had entered into the parol agreement for purchase and sale alleged in plaintiff's petition, and which was sought to be enforced. If it could be said that the deed of itself is a memorandum of any contract by Green to sell and by Simpson to purchase the property, then such contract was different from the one alleged in plaintiff's petition, since it would indicate an unconditional agreement on the part of Simpson to pay to Turner, as trustee for Green, the sum of $4,500 in cash before he would have the right to demand delivery of the deed to him, and that too without any right to demand an abstract of title, while, according to the terms of the contract plaintiff sought to enforce, he was entitled to be furnished an abstract of title, and, if satisfied with the title, and in that event only, to demand the deed upon payment to Turner of only $4,150

The parol contract of sale, and no other, was the one sought to be enforced, and we are of the opinion that the deed did not constitute such memorandum thereof as to make it enforceable under the statute of frauds, above referred to. 10 Ruling Case Law, § 3, p. 622; 20 Cyc. 257; Lowther v. Potter (D. C.) 197 Fed. 197; Id., 221 Fed. 881, 137 C. C. A. 451; Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427; Kopp v. Ritter,

146 Ill. 437, 34 N. E. 942, 22 L. R. A. 273, 37 Am. St. Rep. 156; Cagger v. Lansing, 43 N. Y. 550; Swain v. Burnette, 89 Cal. 564, 26 Pac. 1093; King v. Upper, 57 Wash. 130, 106 Pac. 612, 1135, 31 L. R. A. (N. S.) 606; Barr v. Johnson, 102 Ark. 377, 144 S. W. 527; Cooper v. Thomason, 30 Or. 161, 45 Pac. 296; Popp v. Swanke, 68 Wis. 364, 31 N. W. 916; Freeland v. Charnley, 80 Ind. 132; Wilson v. Winters, 108 Tenn. 398, 67 S. W. 800; Flowe v. Hartwick, 167 N. C. 448, 83 S. E. 841; Main v. Pratt, 276 Ill. 218, 114 N. E. 576; Sursa v. Cash, 111 Mo. App. 396, 156 S. W. 779.

In Morrison v. Dailey, 6 S. W. 426, our Supreme Court held that a receipt given, reciting that it was in part payment for a tract of land which the one who signed the receipt had sold to the person to whom it was given for the sum of $4,500, part cash, and the balance to bear interest at the rate of 10 per cent. per annum, was a sufficient memorandum in writing of a contract to sell the property within the meaning of the statute of frauds. And in the case of Fulton v. Robinson, 55 Tex. 401, the same conclusion was reached with respect to a similar receipt. But we do not construe those decisions to be in conflict with the conclusion reached above, since the instruments which were there held to be sufficient memoranda of the contracts of sale clearly showed the terms of the contracts of sale, which were executory contracts, and were not executed conveyances, such as was the deed from Green to Simpson in the present suit.

Many decisions of other states might be cited which are in conflict with the authorities cited above to support the conclusion we have reached; but, as said in many of the cited authorities, the great weight of authority is in accord with that conclusion, and we are of the opinion that they have better support in reason.

Appellant has also cited authorities to sustain his contention to the effect that a deed deposited in escrow becomes operative to vest title in the vendee when he pays the agreed consideration therefor, such as Ketterson v. Inscho, 55 Tex. Civ. App. 150, 118 S. W. 626; 10 R. C. L. p. 640, and other authorities to the effect that a deed deposited in escrow without reservation is irrevocable, such as 16 Cyc. 568; Smith v. Moore, 155 S. W. 1017. It is also a familiar rule that it is within the jurisdiction of a court of equity to compel the delivery of an instrument placed in escrow after the performance of the condition stipulated. 10 R. C. L. 642.

[2] But we are of the opinion that those authorities go no further than to announce the rule applicable to escrow contracts which are not prohibited by the statutes of frauds or some other statute, or by some rule of public policy. We do not believe they have

any application to the enforcement of any contract, the enforcement of which is in violation of some law of the land. And in this connection it is well to note that in the trial judge's findings of fact it appears that Green repudiated his parol contract of sale soon after he had deposited the deed in escrow with Turner, and before Simpson had offered to pay the balance of the consideration of $4,150, remaining after the payment of $50 cash and the delivery of the automobile, valued at $300, and at the same time offered to Simpson to return the $50 and the automobile, which offer Simpson refused. If, as concluded by us already, the parol agreement to sell the land was not enforceable by reason of the statute of frauds, that contract was terminated and annulled when Green so elected to rescind it and notified Simpson of such rescission, and the subsequent offer of Simpson to pay the $4,150 could not have the effect of reviving it.

In view of the foregoing conclusion, it will be unnecessary to discuss other assignments of error appearing in appellant's brief to the findings and conclusions of the trial judge on the issue of fraud presented in appellees' petition.

For the reason indicated, the judgment of the trial court is affirmed.

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes