URSULA C. TANKSLEY *v.* ROSA V. TANKSLEY.

(*Nashville.* December Term, 1921.)

1. **APPEAL AND ERROR.** Concurrent finding of fact by chancellor and court of civil appeals, sustained by evidence, conclusive on the supreme court.

Concurrent finding of fact by the chancellor and the court of civil appeals is conclusive on the supreme court, where there is evidence to sustain it. (*Post, pp.* 469, 470.)

Cases cited and approved: Johnson v. Branch, 30 Tenn., 521; Brown v. Reynolds, 37 Tenn., 639; Majors v. McNeilly, 54 Tenn., 294; Breeden v. Grigg, 67 Tenn., 163; Keenan v. Trenton, 130 Tenn., 71,
Case cited and distinguished: Alexander v. Wilkes, 79 Tenn., 221.

2. **DEEDS.** Intention of grantor determines whether delivery even to grantee is absolute or conditional.

The intention of the grantor determines whether a delivery of the deed is absolute or conditional, even though delivery has been made to grantee. (*Post, p.* 470.)
McKINNEY, J., dissenting.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. JAS. B. NEWMAN, Chancellor.

JOHN W. HILLDROP and McCARLEY & STEPHENSON, for plaintiff.

E. J. SMITH and NORMAN FARRELL, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

Mrs. Ursula C. Tanksley in 1893 executed a deed to certain real estate in Nashville to her son, Wheeler I. Tanksley, and later delivered the instrument to him. The son died in 1919 and by his will left all his property to his wife, Rosa V. Tanksley. He had never recorded the deed above mentioned. It was recorded by his widow after his death.

This suit was brought by Mrs. Ursula C. Tanksley, to have the aforesaid deed declared testamentary with a power of revocation remaining in her, and to have the same set aside and the title to the real estate vested in her. The defendant, Mrs. Rosa V. Tanksley, answered, and denied that complainant was entitled to the relief sought. Proof was taken, and the chancellor decreed in favor of the complainant. The court of civil appeals affirmed this decree.

The lower courts have concurrently found upon the proof that the complainant made a conditional delivery of this deed to her son; that she thought it was a will and gave it to him for safe-keeping, to take effect at her death.

There is evidence to sustain this concurrent finding, and we cannot go behind it.

It is insisted, however, for the defendant, that there can be no such a thing in the law as the conditional delivery of a deed to the grantee thereof; that, if delivered to the grantee, a deed becomes operative and freed from any condition not expressed therein, though the parties meant an escrow.

Such was the rule at common law and is the rule in many jurisdictions. It has been recognized in two of our earlier

cases. *Johnson* v. *Branch,* 11 Hump. (30 Tenn.), 521; *Brown* v. *Reynolds,* 5 Sneed (37 Tenn.), 639.

These cases together with *Majors* v. *McNeilly,* 7 Heisk. (54 Tenn.), 294, and *Breeden* v. *Grigg,* 8 Baxt. (67 Tenn.), 163, were reviewed by the court in *Alexander* v. *Wilkes,* 11 Lea (79 Tenn.), 221. Judge COOPER in the last case said: "From this review of our decisions, it will be seen that the rigid rule of the common law has been modified in this State, so as to give relief both at law and in equity, although the delivery may have been directly to the payee or obligee." *Alexander* v. *Wilkes,* supra.

The court was dealing with the delivery of a promissory note to the payee in *Alexander* v. *Wilkes,* supra, but the law of escrows is substantially the same whether applied to a deed or note or bond. 10 R. C. L., 622.

The statement in *Keenan* v. *Trenton,* 130 Tenn., 71, 168 S. W., 1053, Ann. Cas., 1916B, 519, that a deed could not be delivered to the grantee thereof as an escrow was not at all necessary to the decision of that case. The court had found that there was no intent manifested on the part of the grantor in that case to deliver the deed as an escrow. What follows was *obiter,* and in conflict with *Alexander* v. *Wilkes,* supra, cited to sustain it.

The rule seems very well settled in Tennessee that it is the intention of the grantor of a deed or the maker of a note that determines whether a delivery of the instrument is absolute or conditional, even though such delivery be made to the grantee of the deed or the payee of the note.

It was not intended in *Keenan* v. *Trenton* to recede from this progression in the law.

The petition for *certiorari* is denied.

MCKINNEY, J., dissents.