MILLER *v*. MORELOCK.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

LURTON GOODPASTURE, of Nashville, and W. J. BARRON, of Morristown, for appellant.

McCANLESS & TAYLOR, of Morristown, and KILGO & ARMSTRONG, of Greeneville, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

The administration of the estate of George T. Collier commenced in the County Court of Hamblen County on July 9, 1945 with the probate of his will and the granting of letters testamentary on that date to Ivah F. Miller who, as executor, is appellant here. Within the twelve months period allowed by Chapter 175 of the Public Acts of 1939 V. H. Morelock, appellee here, filed a claim against this estate for $8,125, which is approximately the net value of the estate. Neither the executor nor the residuary legatee, the Cumberland Presbyterian Church, ever filed any exception to this claim in the County Court.

However, on October 29, 1946, Miller, as executor, filed a bill in the Chancery Court of Hamblen County against Morelock and therein alleged that he, the executor, was of the opinion that the Clerk would give him notice of the filing of any claim against the estate, and that he did not know until September 27, 1946 that Morelock had filed this claim against the estate in the County Court and that at that time the thirteen months allowed by Chapter 175 of the Public Acts of 1939 for the filing in the County Court of written exceptions to the claim had expired, and that, therefore, he had no remedy in the County Court against payment of this claim, the validity of which he denied.

The bill alleges that the claim is made up of three items and that the first two are "exorbitant" and that the third item, being an item of $7,500, "is utterly void and unenforcible, as well as being wholly unjust and without any consideration whatever." The claim as filed in the County Court is set out verbatim in the bill. The bill prays a construction of the instrument upon which the

claim is alleged to be based, ''and that the rights and duties of complainant be declared and fixed by proper decree'' and ''for general relief.''

The defendant, Morelock, plead in abatement to the bill that the County Court ''is given the exclusive jurisdiction for the determination of claims against a decedent's estate,'' and that, therefore, the Chancery Court had no jurisdiction to hear and determine the validity of this claim. The Chancellor sustained this plea. Miller, executor, has appealed and by proper assignments of error insists that the Chancellor erred in so doing.

The administration of this estate is controlled, in so far as applicable, by Chapter 175 of the Public Acts of 1939. Section 2 of this Act requires persons having claims against the estate to file same within twelve months after advertisement for creditors. Any written instrument or copy thereof upon which the claim is based is required to be filed, and if due by open account the statement must be itemized. The effect of this provision is that the claim must *prima facie* appear to be valid.

Section 3 of said Chapter 175 requires the personal representative or any person interested in the distribution of the estate to file written exceptions to any claim which they dispute within thirty days after twelve months from the date of notice to creditors. This Section 3 further provides that such exceptions may not be filed after the expiration of said thirty day period. The effect of this is to require payment of a claim *prima facie* valid if not excepted to within this thirty days.

In the instant case, the bill alleges that the first two items of the claim filed by Morelock were exorbitant. These two items amounted to $625 and were specified on the face of the claim as being for services rendered in nursing and as business agent and for board and lodging

from February 1944 to July of 1944. Since the claim appeared *prima facie* valid as to these two items the only manner in which objection thereto could be made on the ground of being exorbitant was by exception filed in the County Court within the thirteen month period provided for by Section 3 of the Act. The Chancellor was, therefore, correct in sustaining the plea in abatement in so far as it applied to these two items. For comparison see *Cooper's Estate* v. *Keathley*, 27 Tenn. App. 7, 14, 177 S. W. (2d) 356.

As noted, the bill alleges that the third item in the claim "is utterly void and unenforcible." If an alleged creditor files a claim which shows upon its face that it is "utterly void and unenforcible," then the executor is not liable for the payment thereof even though no exception thereto was filed within the thirty day period allowed by Section 3 of the Act. This is necessarily true because a void instrument is in contemplation of law an instrument which never existed. Analogous is the holding of this Court in *Holmes* v. *Eason*, 76 Tenn. 754, page 760, wherein this Court held: "A void judgment is in legal effect no judgment. It neither binds nor bars any one. All acts performed under it, and all claims derived from it are void. Parties attempting to enforce it are trespassers. No action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, can invest it with any of the elements of vitality: *Sherrell* v. *Goodrum*, 3 Humph. [419], 430; Freem. on Judgments, sec. 117. 'No action is required to revoke it; it is null in itself.' " Therefore, if the claim filed is void on its face the legal effect is the same as if the claim had never been filed.

In the instant case the executor, because of his erroneous belief that the clerk would give him notice of the filing

of any claim (an error generally prevalent in the construction of this Act), did not learn during the time within which he was allowed to except that the claim in question had been filed. When he did learn of the claim and examined it, he formed the opinion that the third item thereof appeared on its face to be void. The executor was, therefore, placed in a dilemma. The County Court under Chapter 175 was only given jurisdiction to act on exceptions filed within the statutory period, and hence, was without jurisdiction to determine this question if attempted to be raised by exception. If the executor paid this claim and it later was adjudged to be a claim void on its face he rendered himself liable to the residuary legatee. On the other hand, if the executor, acting on his own opinion that the claim was invalid on its face, proceeded arbitrarily to settle the estate as if the claim had never been filed, and it later developed that the claim was not invalid on its face, then, he, the executor, would be liable to creditor Morelock for the amount of this claim.

The executor was not required to assume this risk. He had the right under the declaratory judgment law to go into Chancery Court and be advised as to his duty with reference to the third item of said claim, and that Court had jurisdiction to advise and instruct him with reference thereto. *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, 156 S. W. (2d) 425. In accordance with this right, the executor has come into Chancery for the purpose of being so advised. It is necessary, therefore, to now determine whether the third item of this claim as filed by Morelock in the County Court shows upon its face that it is invalid.

The third item of the claim appears in the following words: "3- For value of land given by deed to V. H. More-

lock, but which was later sold to Frank L. Hood, and wife, Janie Rice Hood, purchasers, for value, while said George T. Collier, Deceased, was of unsound mind, said gift and transaction arising under the facts hereinafter set out. .................... $7500.00.''

Then follows a statement which the claimant Morelock says he is giving ''in support of item 3.'' Then, after reciting that the deceased had prepared a deed conveying certain land therein described to Morelock, there appears the following pertinent statements:

''On or about March 15, 1944, said Collier delivered this deed to said Morelock, and told him that he had executed this deed to him, and was making delivery of it to him for the reason, that said Morelock was the only person in the world who cared anything for him or would do anything for him.

''Said Collier also told said Morelock not to record the instrument until after he, Collier, was dead. He stated that the reason for this was that he might be able to make a profit on the property. Said Morelock gave this said deed to his sister, for safekeeping, and about two months thereafter, said Collier, requested a return of the deed, stating that he thought that he had better hold it and the deed was returned to said Collier.

''Sometime about the 1st of July, 1944, said Collier moved to Greeneville, and said Morelock was a very frequent visitor in said Collier's home. On one of these visits Collier himself brought up the question about said deed and said land, and told Morelock that he need not be the least bit uneasy, that he, Morelock, would get the land or the money therefor.

''Shortly thereafter, and on the 15th day of March 1945, said Collier executed his last will and testament and it is the contention of said Morelock that said Collier did

not mention him in said will since he already had in his possession a deed conveying said property to Morelock.

"Shortly after making the will, said Collier's mind became defective as his health slowly became undermined, and in the latter part of June said Collier was placed in the Hamblen Hospital, at Morristown, Tennessee, and at that time, his condition was such that he was of unsound mind. On the 26th day of June, 1945, said Collier executed a deed executing the property hereinbefore described to Frank L. Hood, and wife Janie Rice Hood, for the sum of $7500.00 cash. Said Hood and wife paid value for the property. Said Morelock alleges that at the time Collier executed the deed to Frank L. Hood and wife Janie Rice Hood, that he was of unsound mind, and further alleges that said Collier would not have executed said deed had his mind been good. Said Morelock contends that he is entitled to recover the value of said land from said Collier's estate."

The above-quoted item 3, together with Morelock's "Statement of Facts" in support of the claim of that item for $7,500 discloses on its face that it is a claim for the purchase price received by the testator, Collier, for land which Morelock by this statement claims the testator gave him without consideration by the alleged deed referred to in this statement. It is true that this explanation of Morelock states that the deed was "delivered." "The delivery of a deed by the grantor to the grantee is essential to pass the title to the grantee." *Wilson* v. *Winters*, 108 Tenn. 398, 400, 67 S. W. 800. So, unless there was a delivery, the claim of Morelock must fail.

The allegation in this statement that the deed was delivered is, of course, a conclusion by Morelock. It is contradicted by the facts which the statement of Morelock recites as having occurred at the time the physical

possession of the deed is alleged to have been placed in Morelock. This statement first recites that Morelock was "business agent" for Collier at the time Morelock came into possession of the deed. It then recites that when Collier gave the deed to Morelock he directed Morelock "not to record the instrument until after he, Collier, was dead. He stated that the reason for this was that he might be able to make a profit on the property." This direction of Collier discloses an intention upon the part of Collier not to make a delivery to Morelock of this deed in the sense of vesting title in Morelock. Collier, the alleged grantor, would have parted with all title upon making such delivery, and would have been without legal right to sell and convey the property to any one for a profit, or otherwise. The statement of Collier, therefore, is inconsistent with and contrary to an intention to make an absolute delivery to Morelock of this deed. Title did not, therefore, pass since it was not the intention of Collier that it pass. The established rule upon this is expressed by this Court in *Tanksley* v. *Tanksley*, 145 Tenn. 468, 470, 239 S. W. 766, 767, viz.: "The rule seems very well settled in Tennessee that it is the intention of the grantor of a deed . . . that determines whether a delivery of the instrument is absolute or conditional, even though such delivery be made to the grantee of the deed."

This "Statement of Facts" filed by Morelock in support of item 3 of his claim not only discloses that Collier gave possession of the deed to Morelock with an intention that title not pass thereby, but also discloses that Morelock himself so understood the act which his statement now avers to be a delivery. That "Statement of Facts" recites that when Collier subsequently requested a return of the deed stating that "he had better hold it" the deed was returned to Collier and on an occasion subsequent

thereto Collier told Morelock that Morelock "would get the land or the money therefor." This also further confirms the fact reflected in the statement that possession of the deed was never given with the intention that title pass thereby and that it was not received with such an understanding.

The claim of $7,500, therefore, shows upon its face that it is based upon nothing more than an unfulfilled promise upon the part of Collier made without consideration to either give Morelock the land referred to in the alleged deed or the sale price in the event the promisor sold the land prior to the promisor's death. Such a claim is "utterly void and unenforcible," as alleged in the bill of the executor. It results that the claim, in so far as it refers to item 3, is a nullity, and that fact is disclosed upon its face. The estate, therefore, is not liable for this claim, even though exceptions therto were not filed within the thirty day period allowed by Section 3 of Chapter 175 of the Acts of 1939.

All costs of the proceedings in the Chancery Court and in this Court through the entry of this decree are adjudged against Miller, in his capacity as executor of the estate of Collier.

Modified and remanded for such further proceedings in accordance herewith as may be necessary.

All concur.