IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 8, 2006 Session

## SHEPARD BARBASH v. MONTY R. BRUELL AND ANTHONY SMITH

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 01-1159     Hon. Howell N. Peoples, Chancellor**

**No. E2005-00387-COA-R3-CV  - FILED MARCH 9, 2006**

Defendant's Tenn. R. Civ. P. 60 Motion to be relieved of the Trial Court's Judgment was denied. On appeal, we affirm on the ground that the Motion was untimely filed.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which SHARON G. LEE, J., joined, and D. MICHAEL SWINEY, J., filed a separate Concurring Opinion.

James H. Harris, Nashville, Tennessee, for appellant, Anthony Smith.

James B.M. Hooper, Chattanooga, Tennessee, for appellee.

**OPINION**

The genesis of action in this State was a suit in the state of Georgia by plaintiff against defendant and Monty Bruell as the guarantors of a promissory note. The defendant was served with process in the Georgia case, and on August 24, 2001, the Georgia Court entered a Default Judgment against this defendant.

On October 4, 2001, plaintiff filed a Complaint in the Chancery Court of Hamilton County to domesticate the Georgia Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. Tenn. Code Ann. § 26-6-101 *et seq.* Defendant again failed to appear, and a Default Judgment was entered against defendant and judgment pursuant to the Uniform Act was entered on January 16, 2002. On September 21, 2004, defendant filed a "Motion to Vacate and Void Judgment" in the Chancery Court, which Motion was denied by the Trial Court on December 7, 2004.

Then, on December 17, 2004, defendant filed another Motion to "Vacate a Void Judgment under the authority of Rule 60.02(2) . . . " and the Trial Court on January 3, 2005, denied defendant's Motion. Defendant has perfected his appeal from that Order.

It is defendant's position that the Georgia Judgment is void on the grounds that the Georgia Court did not have *in personam* jurisdiction over this defendant, and that since it is a void Judgment that he can raise this issue at any time.

Defendant seeks relief from the Judgment under the authority of Tenn. R. Civ. P. 60.02(3). Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error *coram nobis*, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The body of the Rule provides that motions pursuant to (3) "shall be made within a reasonable time".

A *prima facie* void judgment may be attacked at any time and is unenforceable. *State ex rel Ragsdale v. Sandefur*, 215 Tenn. 690, 389 S.W.2d 266, 271 (Tenn. 1965); *Muller v. Morelock*, 185 Tenn. 466, 470, 206 S.W.2d 27, 29; *Team Design v. Gottlieb*, 104 S.W.3d 512, 525 (Tenn. Ct. App. 2002). This Court, in *Pittman v. Pittman*, 1994 WL 456348 (Tenn. App.), held that the Tennessee Rules of Civil Procedure did not prescribe a specific time limit for challenging a void judgment, and the Court looked to federal precedents under the Federal Rules of Civil Procedure and determined that Fed. R. Civ. P. 60(b)(4) does not impose a time limit on post-judgment motions challenging a void judgment.

A petition for relief under Rule 60.02 addresses itself to the sound discretion of the trial court. *Rogers v. Estate of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001), and our review of such decisions are under an abuse of discretion standard. The Trial Court's decision to grant full faith and credit to a judgment of another state is a question of law. It is reviewed *de novo* upon the record with no presumption of correctness of the Trial Court's conclusions of law. *First State Bank of Holly Springs v. Wyssbrod, et al.*, 124 S.W.3d 566 (Tenn. Ct. App. 2003).

A party undertaking to undermine the validity of a foreign judgment must meet a "stern and heavy" burden to demonstrate that the foreign judgment should not be enforced in Tennessee. *Dement v. Kitts,* 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989). The factual issues underlying the foreign judgment may not be the basis of an inquiry to deny the foreign judgment full faith and credit. *Benham v. Fisher*, 650 S.W.2d 759 (Tenn. Ct. App. 1983).

The record does not indicate that defendant has made any attempt to set aside the default judgment entered against him in Georgia, or the default judgment entered against him in Tennessee, enrolling the Georgia Judgment. Nor does he offer any excuses as to why he failed to respond. We therefore, must consider his enactions to be wilful. *Lewis, et al., v. Bowen, et al.,* 2004 Tenn. App. Lexis 820 (Tenn. Ct. App. December 1, 2004). Defendant merely asserts the conclusion that the Judgment was "void". Our examination of the Georgia Judgment reveals that the Judgment is *"prima facially* valid.", and the rule we applied in *Pittman* that an attack on a void judgment can be raised at any time under any conditions is inapplicable to this case. Where the judgment is voidable, *vis a vis* void, the reasonable time limitation is applicable. *See, Gentry v. Gentry*, 924 S.W.2d 678 (Tenn. 1996); *Hart v. Tourte*, 10 S.W.3d 263 (Tenn. Ct. App. 1999); *State ex rel Phillips v. Phillips*, 2002 Tenn. App. Lexis 835 (Nov. 26, 2002); and *Lewis, et al., v. Bowen, et al.*

We hold that the defendant's delay in bringing his Rule 60 petitions amounted to an unreasonable delay under the Rule. He failed to give any reasonable explanation for his delay, and the circumstances of having been sued and served on two different occasions were apparently ignored by the defendant. *See, Magnavox v. Boles and Hyatt Construction Co.*, 583 S.W. 611 (Tenn. App. 1979).

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Anthony E. Smith.

_____
HERSCHEL PICKENS FRANKS, P.J.