IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 10, 2013 Session

# DOROTHY J. ETHRIDGE v. THE ESTATE OF BOBBY RAY ETHRIDGE, DECEASED, ANTHONY RAY ETHRIDGE, EXECUTOR

**Direct Appeal from the Probate Court for Dickson County**
**No. 0208021P       A. Andrew Jackson, Judge**

---

**No. M2012-01449-COA-R3-CV- Filed August 6, 2013**

---

The trial court dismissed Claimant's claim against Decedent's estate as void notwithstanding the failure of the Estate to file a timely exception to the claim.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Ben Boston and Charles W. Holt, Jr., Lawrenceburg, Tennessee, for the appellant, Dorothy J. Ethridge.

Jack L. Garton, Dickson, Tennessee, for the appellee, The Estate of Bobby Ray Ethridge.

## OPINION

This lawsuit concerns a claim against a decedent's estate, and the failure of the estate to file a timely exception to the claim.  The facts relevant to our disposition of this matter are not disputed.  Claimant/Appellant Dorothy Ethridge (Ms. Ethridge) and Decedent Bobby Ray Ethridge (Mr. Ethridge) were married on June 29, 1999.  On June 9, 1999, Ms. Ethridge and Mr. Ethridge executed a prenuptial agreement providing, in relevant part, that, upon Mr. Ethridge's death, Ms. Ethridge would neither have nor assert any claim to or interest in property owned by Mr. Ethridge other than jointly owned property.  The agreement also provided that any modification or rescission must be in writing, and that the writing requirement could not be waived.

Mr. Ethridge died on January 30, 2008, at seventy-four years of age.  His will was

admitted to probate by the Probate Court of Dickson County on February 26, 2008, and Decedent's son, Anthony Ray Ethridge was appointed Executor. The first notice to creditors was published on March 5, 2008.

On June 24, 2008, Ms. Ethridge filed a claim against Mr. Ethridge's estate ("the Estate"). In her claim, Ms. Ethridge alleged:

Decedent represented to claimant that if she would terminate her employment and be a stay-at-home wife and travel with him that she would be well provided for. Decedent induced claimant to quit her job and end her only source of funds in order to care for him. Based upon available evidence, the [D]ecedent did not perform upon the agreement to provide for the claimant.

She asserted a claim in the amount of $200,000, representing lost earnings in the amount of $25,000 per year for eight years, and asserted that Decedent was indebted to her for that amount. On October 30, 2008, Ms. Ethridge also filed a petition for elective share.

The Estate filed an untimely exception to Ms. Ethridge's claim on August 27, 2008,[1] asserting Ms. Ethridge's claim against the estate was waived pursuant to the 1999 prenuptial agreement and that her claim was void and unenforceable. On November 20, 2008, Ms. Ethridge filed an application for judgment on her claim against Mr. Ethridge's estate. The Estate answered Ms. Ethridge's petition for elective share on November 24, 2008, asserting that Ms. Ethridge continued to receive certain assets and income as a result of Decedent's death, and that further claims were barred by the prenuptial agreement.

Following discovery and proceedings by the Estate to recover personal property, the matter was heard by the trial court in May 2012 and the trial court entered judgment in favor of the Estate on June 7, 2012. In its judgment, the trial court found that Ms. Ethridge had filed a timely claim against the Estate; that the last day for the Estate to file an exception to the claim was August 6, 2008; and that the Estate filed an exception to Ms. Ethridge's claim on August 27, 2008. The trial court found, however, that Ms. Ethridge's claim was "fraudulent" where the 1999 prenuptial agreement was valid and where there was no contract for services attached to Ms. Ethridge's claim. The trial court determined that the failure to attach a contract for services made the claim either void or voidable. It also stated that the failure to attach a written contract for services voided Ms. Ethridge's claim. The trial court dismissed Ms. Ethridge's claim as "fraudulent, invalid [and] void." It also denied and dismissed Ms. Ethridge's claim for elective share. Ms. Ethridge filed a timely notice of appeal to this Court.

---

[1]The trial court found that August 6, 2008 was the last day to file exceptions. This is not disputed.

## Issues Presented

The issues presented for our review, as presented by Ms. Ethridge, are:

(1)    Whether the trial court erred in dismissing Appellant's timely filed claim as a creditor of the Estate where said claim was *prima facie* valid requiring a timely exception to be filed pursuant to Tenn. Code Ann. § 30-2-316 and [where] the executor failed to timely file an exception[,] thus dictating that the Appellant's claim be treated as a judgment.

(2)    Whether the trial court erred in finding the Appellant and the deceased entered into a valid prenuptial agreement where there was not a meeting of the minds.

(3)    Whether, assuming *arguendo* that the prenuptial agreement was valid, the trial court erred in failing to enforce the Appellant and the deceased's subsequent agreement as to their property rights.

## Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. pp. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with no presumption of correctness. Tenn. R. App. P. 13(d). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram*, 331 S.W.3d 746, 755 (Tenn. 2011).

## Discussion

We turn first to Ms. Ethridge's assertion that the trial court erred by failing to award her a judgment on her claim against the Estate pursuant to Tennessee Code Annotated § 30-2-316 where the Estate failed to file a timely exception to the claim. In her brief, Ms. Ethridge submits that the existence of the prenuptial agreement did not render her claim void on its face. She asserts that her claim was voidable but not void, and that the defenses asserted by the Estate address the substance of her claim, not its *prima facie* validity. Ms. Ethridge asserts that the Estate was required to file a timely exception to her claim to challenge it as voidable by reason of the prenuptial agreement. The Estate, on the other hand, does not address the effect of its failure to timely file an exception to Ms. Ethridge's claim or the applicability of section 30-2-316, but asserts that her claim was fraudulent and

unenforceable pursuant to the prenuptial agreement. The trial court did not address the impact of the section on the Estate's failure to file a timely exception to Ms. Ethridge's claim. The trial court determined that the claim was fraudulent in light of the prenuptial agreement; and that the failure to attach a written contract to her claim voided the claim.

Section 30-2-316 of the Tennessee Code provides:

> After the lapse of ninety (90) days from and after the expiration of the time for entering exceptions to claims filed against the estate, the court may, upon the written application of any creditor having a matured claim on which no independent suit is pending, to whose duly filed claim no exception has been filed as provided in § 30-2-314, enter judgment for the creditor against the estate; provided, that not less than five (5) days' prior written notice of intention to file an application shall be given to the personal representative, stating the time at which the application is to be presented to the court.

Tenn. Code Ann. § 30-2-316 (2007).

Although "the mere filing of [a] claim does not establish the validity of the claim[,]" the claim "puts the representatives of the estate on notice and they must make some exceptions thereto." *Wilson v. Hafley*, 226 S.W.2d 308, 312 (Tenn. 1950). As we have noted, "as with claims against an estate, the failure to file a timely exception has consequences." *In re Estate of Karesh*, No. W2012–00181–COA–R3–CV, 2012 WL 6562025, at *4 (Tenn. Ct. App. Dec. 17, 2012). ""Failure to except to a claim amounts to an admission of its justness; and the claim becomes, in effect, a judgment against the estate at the end of the statutory period. . . ."" *Id.* (quoting *Needham v. Moore*, 292 S.W.2d 720, 723 (Tenn. 1956)(quoting Pritchard, Wills and Estates, Phillips, Vol. 2 at p. 268)). Exceptions may not be filed after the statutorily prescribed period. *Wilson*, 226 S.W.2d 312. In the absence of a timely filed exception, an estate generally is barred from objecting to a claim in the absence of fraud "or such matter that a court of equity might reach." *Needham v. Moore*, 292 S.W.2d 720, 723 (Tenn. 1956).

In some circumstances, however, a claim against an estate may be found to be void on its face. *Wilson*, 226 S.W.2d at 312; *Estate of Karesh*, 2012 WL 6562025, at *6. Where a claim "show[s] on its face that it [is] utterly void then no exceptions would necessarily have to be taken and the estate not be bound thereby." *Wilson*, 226 S.W.2d at 312. Additionally, the courts are not required to enter a judgment on a claim that is unenforceable as a matter of law. *In re Estate of Williams*, No. M2000-02434-COA-R3-CV, 2003 WL 1961805 at *29 (Tenn Ct. App. April 28, 2003). "This is necessarily true because a void instrument is in contemplation of law an instrument which never existed." *Miller v. Morelock*, 206 S.W.2d

427, 429 (Tenn. 1947). Where no exception is filed to a claim that is not void on its face, "the 'claim stands as if formally adjudicated.'" *Wilson*, 226 S.W.2d at 312 (citation omitted).

The term "claim" as used in the statutes refers to demands or claims against the decedent that could have been enforced by a personal action. *Estate of Green v. Carthage General Hosp, Inc.*, 246 S.W.3d 582, 584 (Tenn. Ct. App. 2007). Accordingly, a claim based merely upon an unfulfilled promise without consideration is void and unenforceable. *Miller*, 206 S.W.2D at 431. However, although a claim is somewhat analogous to the commencement of an action, a claim against an estate is not considered pleading governed by the Rules of Civil Procedure. *Estate of Green*, 246 S.W.3d at 584. Rather, the statutes governing claims against an estate promote "an 'orderly, expeditious, and exact settlement of estates of decedents.'" *Bowden v. Ward*, 27 S.W.3d 913, 918 (Tenn. 2000)(quoting *Alamo Dev. Corp. v. Thomas*, 186 Tenn. 631, 212 S.W.2d 606, 607 (1948)). Thus, the statues must be construed liberally to "advance the remedy and dispense with formal pleadings." *Id.* (quoting *Wilson*, 226 S.W.2d at 311).

In *Estate of Williams*, the decedent's former wife filed a claim against his estate based upon loans that she alleged to have made to decedent during the course of their marriage. Notwithstanding the failure of decedent's estate to file an exception to her claim, we held that the claim was unenforceable based upon the MDA that had been made part of the record before the claim was filed. We noted that the MDA settled all the property rights and mutual obligations of the decedent and his former wife, and that the loans asserted were alleged to have been made before the MDA was executed. We thus determined that the claim against the estate was unenforceable as a matter of law where it arose from alleged transactions pre-dating the MDA filed in the court and where the matter was, in essence, res judicata. *Id.*

In the current case, Ms. Ethridge asserts a claim arising from transactions and agreements between herself and Decedent allegedly occurring after the prenuptial agreement was executed. Unlike the claim in *Estate of Williams*, Ms. Ethridge's claim is not barred by a agreement executed subsequent to the alleged transactions giving rise to her claim. It also did not arise from a matter adjudicated in prior litigation. Additionally, Ms. Etheridge alleged that her claim was supported by consideration where she agreed to forego income of her own and to accompany and care for Decedent at his request.

Upon review of the record, we agree with Ms. Ethridge that her claim was not void on its face. Rather, the Estate was required to file an exception to the claim during the statutory period, and to challenge it based on the terms of the prenuptial agreement and alleged lack of written modification thereto. The validity and applicability of the prenuptial agreement was a matter to be adjudicated within the context of the claim and a timely filed exception thereto. In the absence of a timely filed exception, Ms. Ethridge's claim must be

considered just.

Additionally, contrary to the determination of the trial court, the absence of a written contract does not render an agreement unenforceable or void unless it is a contract governed by the statute of frauds. *In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006)(citation omitted). Rather, whether an enforceable agreement exists to support a claim against an estate is a matter to be adjudicated following the filing of a timely exception to the claim by the estate as required by the statutes. *See id.* Additionally, notwithstanding the prenuptial agreement, Ms. Ethridge's claim is not fraudulent on its face where Ms. Ethridge alleged that she and Decedent entered an agreement during the course of their marriage.

In her brief, Ms. Ethridge prays for a judgment on her claim for elective share. She failed to raise the trial court's judgment on this issue as an issue for our review in her statement of the issues, however. Issues not raised in the statement of the issues may be considered waived. *Champion v. CLC of Dyersburg, LLC*, 359 S.W.3d 161, 163 (Tenn. Ct. App. 2011). We accordingly decline to address this issue.

### *Holding*

In light of the foregoing, we hold that the Estate's failure to file a timely exception to Ms. Ethridge's claim against the Estate is fatal under section 3-20-316. Ms. Ethridge's claim was not void on its face, nor was it unenforceable as a matter of law. The judgment of the trial court accordingly is reversed. Remaining issues raised in Ms. Ethridge's statement of the issues are pretermitted as unnecessary in light of this holding. Costs on appeal are taxed to the Appellee, The Estate of Bobby Ray Ethridge. This matter is remanded to the trial court for the collection of costs.

_____
DAVID R. FARMER, JUDGE