# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 20, 2021 Session

## PRIORITY WASTE SERVICE, INC., ET AL.
## v. SANTEK ENVIRONMENTAL, LLC, ET AL.

**Appeal from the Circuit Court for Bradley County**
No. V-19-420          Lawrence Howard Puckett, Judge

_____

### No. E2020-01073-COA-R3-CV

_____

The plaintiffs in this action are operators of businesses that collect and transport municipal solid waste. The plaintiffs filed suit against the defendants, a company that operates a landfill and the county that is a partial owner of the landfill, alleging violations of certain statutes regulating solid waste disposal and landfill operations. Upon a motion to dismiss filed by the defendants, the trial court dismissed the plaintiffs' claims based upon, *inter alia*, the plaintiffs' lack of standing and the court's determination that the statutes did not create a private right of action. The plaintiffs have appealed. Discerning no reversible error, we affirm the trial court's dismissal of the plaintiffs' claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Hoyt O. Samples, Chattanooga, Tennessee, for the appellants, Priority Waste Service, Inc., and Steve Fraker d/b/a Industrial Refuse Service.

John W. Dawson, IV, and Brooke E. Howlett, Nashville, Tennessee, and Crystal R. Freiberg, Cleveland, Tennessee, for the appellees, Santek Environmental, LLC, and Bradley County, Tennessee.

**OPINION**

## I. Factual and Procedural Background

On August 7, 2019, the plaintiffs, Priority Waste Service, Inc. ("Priority"), and Steve Fraker d/b/a/ Industrial Refuse Service (collectively, "Plaintiffs"), filed a complaint in the Bradley County Circuit Court ("trial court") against the defendants, Santek Environmental, LLC ("Santek"), and Bradley County, Tennessee ("the County") (collectively, "Defendants"). Plaintiffs alleged that they were each in the business of collecting and transporting municipal solid waste and that Santek operated a competing solid waste collection business. Plaintiffs additionally alleged that Santek operated the Bradley County Sanitary Landfill ("the Landfill") on behalf of the County, by virtue of agreements between the County and Santek or its predecessor dating back to 1999.

In their complaint, Plaintiffs averred that on July 1, 2015, Priority had entered into an agreement with Santek's predecessor, providing for the disposal of Priority's collected solid waste at the Landfill. Plaintiffs further averred that Santek had breached that agreement by charging rates in excess of those agreed upon by the parties. Plaintiffs also asserted in their complaint that the Landfill was being operated in a manner that violated Tennessee Code Annotated § 68-211-874, known as the "Landfill Statute," and § 68-211-835, known as the "Tipping Fee Statute." In addition, Plaintiffs alleged that Santek had engaged in deceptive business practices in violation of the Tennessee Consumer Protection Act ("TCPA") by charging itself artificially low tipping fees. Plaintiffs sought a temporary injunction in addition to an award of compensatory damages, treble damages, and attorney's fees.

On September 6, 2019, the County filed an answer. Although the County acknowledged its partial ownership of the Landfill, it denied any wrongdoing or liability while asserting various affirmative defenses. Santek subsequently filed a motion to dismiss the complaint, pursuant to Tennessee Rule of Civil Procedure 12.02(6), asserting that Plaintiffs had failed to state a claim upon which relief could be granted. Santek also filed a motion for a protective order, wherein Santek sought a stay of discovery until its motion to dismiss could be addressed. On October 8, 2019, the trial court entered an agreed order staying discovery.

On October 15, 2019, Plaintiffs filed a notice of voluntary dismissal, pursuant to Tennessee Rule of Civil Procedure 41.01, concerning the TCPA claims contained in their complaint. Plaintiffs concomitantly filed a brief in opposition to Santek's motion to dismiss. Santek subsequently filed an amended motion to dismiss on October 17, 2019, and a second amended motion to dismiss on October 31, 2019. In its second amended motion to dismiss, Santek averred that (1) Priority's breach of contract claims should be dismissed because Priority had failed to show that it incurred any damages, (2) Plaintiffs' claims under Tennessee Code Annotated §§ 68-211-835 and -874 should be dismissed

because such statutes did not provide for a private right of action and because Santek was neither a county nor an agent of a county, and (3) Plaintiffs' claims under Tennessee Code Annotated §§ 68-211-835 and -874 should be dismissed because Plaintiffs lacked standing. On January 6, 2020, the trial court entered an order directing the parties to further brief certain issues.

Following the filing of briefs by the parties, Plaintiffs filed a motion on February 10, 2020, seeking to amend their complaint. Plaintiffs sought to add a claim for declaratory relief as well as claims that the agreements between Santek and the County violated Tennessee Code Annotated § 5-19-103(4) because such agreements had not been properly approved by the County's legislative body. Plaintiffs further sought to add claims that Defendants' actions had violated both the Commerce and Equal Protection Clauses of the United States Constitution. Although Defendants opposed such amendments, the trial court granted Plaintiffs permission to amend their complaint by order entered on April 6, 2020.

On May 28, 2020, Defendants filed a motion to dismiss Plaintiffs' amended complaint. In addition to the previously asserted bases for dismissal, Defendants also averred that Plaintiffs had no standing to seek declaratory relief and that the agreement between the County and Santek was valid because it was approved by the County and its Sanitation Board. Defendants also contended that Plaintiffs' constitutional claims had no basis.

Defendants concomitantly filed certain documents with the trial court, including various resolutions adopted by the Bradley County Commission and a Solid Waste Needs Assessment prepared for the County in 2013. Plaintiffs filed a responsive brief opposing dismissal of their claims, arguing that the trial court should treat the motion to dismiss as a motion for summary judgment due to the filing of documents outside the pleadings.

The trial court entered an order on July 28, 2020, granting Defendants' motion and dismissing all of Plaintiffs' claims pursuant to Tennessee Rule of Civil Procedure 12.02(6). The court determined in pertinent part:

1.   Plaintiffs' claims against the County and Santek seeking declaratory and/or injunctive relief under the provisions of the Solid Waste Disposal Act, codified at Tennessee Code Annotated § 68-211-101, *et seq*., "fail[ed] to state claims upon which relief can be granted because the Act creates no private right of action."

2.   Plaintiffs lacked standing to bring their claims against the County and Santek under the Solid Waste Disposal Act.

3. Plaintiffs lacked standing to bring a cause of action for declaratory and/or injunctive relief arising from the contracts between the County and Santek because "the answer and pleadings show [such contracts] to have been duly authorized by the County in accord with the Solid Waste Disposal Act."

4. Plaintiffs lacked standing to bring a cause of action for declaratory and/or injunctive relief arising from the contracts between the County and Santek because Plaintiffs were not parties to those contracts.

5. The actions and contracts between the County and Santek challenged by Plaintiffs' complaint "fall within the broad powers granted to [the County] by the Solid Waste Disposal Act, Tenn. Code Ann. § 68-211-835 (f) and by the provisions of Tenn. Code Ann. § 5-19-103 and 5-19-107."

6. Tennessee Code Annotated §§ 68-211-835 and 68-211-874 did not apply to the contracts between the County and Santek because the County is not the operator of the landfill, does not charge "tipping fees," and receives no money for which it is required to account under the above sections, and Santek is a private entity not subject to those provisions.

7. "The allegation that the contracts between Bradley County and Santek favor Santek over Plaintiffs does not state a cause of action under the Commerce Clause and/or the Equal Protection Clause of the Fourteenth Amendment upon which relief may be granted."

8. Priority "has failed to state a claim of breach of contract upon which relief can be granted against Santek because the complaint fails to allege sufficient facts." Santek has not refused to perform the contract. The allegation that Santek charges Priority a greater tipping fee than it charges itself does not state a claim upon which declaratory and/or injunctive relief can be granted nor does it state a breach of contract claim upon which relief can be granted to Priority.

Plaintiffs timely appealed.

## II. Issues Presented

Plaintiffs present the following issues for our review, which we have restated slightly:

- 4 -

1.    Whether the trial court erred by considering matters outside the pleadings when ruling on Defendants' motion to dismiss.

2.    Whether the trial court erred by failing to apply the Tipping Fee Statute and the Landfill Statute to Defendants' activities.

Defendants present the following additional issue:

3.    Whether the trial court correctly held that Plaintiffs lacked standing to assert their claims based upon the Solid Waste Disposal Act or contracts between the County and Santek.

III.  Standard of Review

As our Supreme Court has explained with regard to motions seeking dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6):

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.  The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone.  A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'"  *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 516 (Tenn. 2005)).

> In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'"  *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med [of Am., Inc. v. Allstate Ins. Co.*], 71 S.W.3d [691,] 696 [(Tenn. 2002)]).  A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  *Crews v. Buckman Labs. Int'l, Inc*., 78 S.W.3d 852, 857 (Tenn. 2002).  We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011) (other internal citations omitted).

IV. Consideration of Matters Outside the Pleadings

Plaintiffs argue on appeal that the trial court erred by considering matters outside the pleadings, specifically the resolutions adopted by the Bradley County Commission, when ruling on Defendants' motion to dismiss filed pursuant to Tennessee Rule of Civil Procedure 12.02(6). The trial court apparently considered the resolutions when ruling on Defendants' motion, as evinced by the court's specific reference to contracts between the County and Santek having been "duly authorized" by the County. Plaintiffs contend that consideration of such matters should have resulted in the trial court's analysis of the motion pursuant to Tennessee Rule of Civil Procedure 56, which Plaintiffs posit would have necessitated "different timelines" and completion of discovery before a ruling could be rendered.

Generally, "[i]f matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion [to dismiss] or a Rule 12.03 motion [for judgment on the pleadings] and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). Exceptions to this general rule exist, however, for "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *W. Exp., Inc. v. Brentwood Servs., Inc.*, No. M2008-02227-COA-R3-CV, 2009 WL 3448747, at *3 (Tenn. Ct. App. Oct. 26, 2009) (quoting *Ind. State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009) (stating that the above-listed items "may be considered . . . without converting the motion into one for summary judgment.")).

In the case at bar, the resolutions adopted by the Bradley County Commission constitute matters of public record. *See* Tenn. Code Ann. § 10-7-301 (2020) (defining "public record or records" as "all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings, or other material, regardless of physical form or characteristics made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental agency."). As such, the trial court's consideration of such documents did not necessitate converting the motion to dismiss to a motion for summary judgment.[1] *See W. Exp. Inc.*, 2009 WL 3448747, at *3; *see also Athena of S.C., LLC v. Macri*, No.

---

[1] In its order, the trial court did not indicate that it had relied on the 2013 Solid Waste Needs Assessment for any purpose. Assuming, *arguendo*, that the trial court did rely on such document in its analysis, we note that this document would also be considered a public record because it was required by the Solid Waste Act and was therefore "made or received pursuant to law or ordinance or in connection with the transaction of official business by [a] governmental agency." *See* Tenn. Code Ann. § 10-7-301 (containing definition of "public records"); *see also* Tenn. Code Ann. § 68-211-811 (reflecting requirement for needs assessment for counties).

- 6 -

E2016-00224-COA-R3-CV, 2016 WL 5956984, at *5 (Tenn. Ct. App. Oct. 14, 2016) ("Courts may also consider matters that the complaint incorporates by reference, items subject to judicial notice, orders, and matters of public record without converting a motion to dismiss into a motion for summary judgment."). We therefore conclude that this issue is without merit.

Plaintiffs also argue that the resolutions filed by Defendants were "deficient on their face" and therefore should not have been relied upon by the trial court when rendering its judgment. We note, however, that Plaintiffs failed to raise this as an issue in their statement of the issues. As such, we determine that any issue concerning the validity of the resolutions filed with the trial court has been waived on appeal. *See Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (explaining that a party's request for attorney's fees on appeal would not be considered because it had not been raised as an issue in the statement of the issues); *Ethridge v. Estate of Ethridge*, 427 S.W.3d 389, 395 (Tenn. Ct. App. 2013) ("Issues not raised in the statement of the issues may be considered waived.").

## V. Statutory Provisions

Plaintiffs argue that the trial court erred by failing to apply the Tipping Fee Statute and the Landfill Statute to Defendants' activities in order to impose liability. These statutory provisions are found within the Solid Waste Management Act of 1991, codified at Tennessee Code Annotated § 68-211-801, *et seq.* (2013 & Supp. 2020) ("Solid Waste Act"). The Landfill Statute, codified at Tennessee Code Annotated § 68-211-874 (2013), provides generally that counties, municipalities, and solid waste authorities "shall account for financial activities related to the management of solid waste in accordance with generally accepted accounting principles" and describes how such accounting should be accomplished. The Landfill Statute further provides in pertinent part: "No state funds for solid waste management shall be released to a county, solid waste authority or municipality unless financial activities related to the management of solid waste are accounted for" in a specific manner. *See id.*

The Tipping Fee Statute, codified at Tennessee Code Annotated § 68-211-835 (Supp. 2020), provides in pertinent part that counties, municipalities, and solid waste authorities that own "a municipal solid waste disposal facility or incinerator may impose a tipping fee upon each ton of municipal solid waste or its volume equivalent received at such solid waste disposal facility or incinerator." The statute also provides that "[s]uch a tipping fee shall be set by the governing body of the county or municipality, or by the board of directors of the solid waste authority." *See id.* The Tipping Fee Statute further directs, *inter alia*, the manner in which such fees may be collected and spent. *See id.*

Plaintiffs contend that Defendants have failed to comply with the requirements of the Landfill Statute and the Tipping Fee Statute in their operation of the Landfill.

Plaintiffs have sought a declaratory judgment stating that the agreements between Santek and the County are violative of these statutes. The trial court dismissed Plaintiffs' claims, however, determining that the Solid Waste Act created no private right of action and that Plaintiffs lacked standing. We agree with the trial court's determination that the above-mentioned statutes create no private right of action.

"A private right of action allows a person to sue to remedy a wrong or prevent a wrong caused by another party's violation or threatened violation of a statute." *Affordable Constr. Servs., Inc. v. Auto-Owners Ins. Co.*, 621 S.W.3d 693, 696 (Tenn. 2021) ("It is the exclusive province of the legislature—not the courts—to create a statutory private right of action."). In order to state a cause of action to enforce a duty or requirement imposed by a statute, "the plaintiff must show that the legislature intended for a private right of action to exist." *Id.* Although the Tipping Fee Statute provides a means for counties, municipalities, and solid waste authorities to set "tipping" and other fees to be collected by the operator of a landfill, it does not expressly create a private right of action allowing landfill users to sue concerning such fees. Similarly, the Landfill Statute places requirements upon counties, municipalities, and solid waste authorities related to the manner in which they account for financial activities concerning solid waste management. The Landfill Statute does not, however, expressly create a private right of action enabling third parties to sue to enforce these requirements.

In instances when a statute does not expressly create a private right of action, this Court may "examin[e] the statute's structure and legislative history" to determine whether the legislature intended to imply a private right of action. *See id.* at 696. In doing so, we must consider the following factors outlined by our Supreme Court:

(1)     whether the party bringing the cause of action is an intended beneficiary within the protection of the statute,

(2)     whether there is any indication of legislative intent, express or implied, to create or deny the private right of action, and

(3)     whether implying such a remedy is consistent with the underlying purposes of the legislation.

*Id.* at 697. Considering the above factors in this matter, we determine that no private right of action benefitting a third party is implied within the Tipping Fee Statute or the Landfill Statute.

With regard to the first factor, both the Tipping Fee Statute and the Landfill Statute appear intended to regulate the activities of counties, municipalities, and solid waste authorities in connection with their management of solid waste. Viewing the Solid Waste Act as a whole, its provisions are directed toward counties, municipalities, and

solid waste authorities and operate to specify the manner in which solid waste facilities and landfills can be managed, with an emphasis on environmental concerns.  In fact, the Solid Waste Act is but one part of Title 68, dealing with "Health, Safety, and Environmental Protection," and Chapter 211, "Solid Waste Disposal."  A number of the subsections within the Solid Waste Act confer authority upon the "board," defined as "a board, established to manage the affairs of a municipal solid waste management region," or the commissioner of environment and conservation to enforce the requirements contained therein, rather than providing for private enforcement.  *See, e.g.*, Tenn. Code Ann. §§ 68-211-802, -813, -814, -816, -853.

> Furthermore, the public policy expressly stated in the Solid Waste Act is
>
> > to protect and enhance the quality of [the state's] environment, to institute and maintain a comprehensive, integrated, statewide program for solid waste management, which will assure that solid waste facilities, whether publicly or privately operated, do not adversely affect the health, safety and well-being of the public and do not degrade the quality of the environment by reason of their location, design, method of operation or other means and which, to the extent feasible and practical, makes maximum utilization of the resources contained in solid waste.
> >
> > It is further declared to be the policy of this state to educate and encourage generators and handlers of solid waste to reduce and minimize to the greatest extent possible the amount of solid waste which requires collection, treatment, incineration or disposal through source reduction, reuse, composting, recycling and other methods.
> >
> > It is further declared to be the policy of this state to promote markets for, and engage in the purchase of, goods made from recovered materials and goods which are recyclable.

Tenn. Code Ann. § 68-211-803 (2013) (paragraph numbering omitted).  Nothing in the statute demonstrates a legislative intent to protect a waste collection company's ability to compete in the market.  Moreover, nothing in the statute indicates a legislative intent to create a private right of action, and we determine that implying such a right of action would be inconsistent with the underlying purposes of the legislation.  We therefore conclude that the Solid Waste Act does not provide a private right of action, express or implied, that would allow Plaintiffs to file suit to enforce its terms in this situation.

Our decision is further supported by prior decisions of this Court and our Supreme Court holding that other sections of Title 68, Chapter 211 do not confer a private right of action for persons who claim to have been harmed by an alleged violation of such statutory provisions.  *See Goff v. Elmo Greer & Sons Constr. Co., Inc.*, 297 S.W.3d 175,

186 (Tenn. 2009) ("[T]he Solid Waste Disposal Act . . . does not provide a private right of action for persons harmed by a violation of its provisions."); *Wayne Cty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 283 (Tenn. Ct. App. 1988) ("[N]othing in the Act expressly gives the Board or the Commission the authority to grant remedial relief to private parties."). Accordingly, we affirm the trial court's dismissal of Plaintiffs' claims based on the Landfill Statute and the Tipping Fee Statute. Further arguments concerning Plaintiffs' standing to bring claims pursuant to these statutes are thus pretermitted as moot.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment dismissing Plaintiffs' claims. We remand this matter to the trial court for collection of costs assessed below. Costs on appeal are taxed to the appellants, Priority Waste Service, Inc., and Steve Fraker d/b/a Industrial Refuse Service.

s/ Thomas R. Frierson, II\
THOMAS R. FRIERSON, II, JUDGE